# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**TARVIO WALKER (# 01251)**                                                                      **PLAINTIFF**

**v.**                                             **No. 1:08CV109-P-A**

**MICHAEL MARTH, ET AL.**                                                        **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Tarvio Walker, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. Walker alleges that James Turner filed false telephone harassment charges against him, causing him to be charged with a parole violation. For the reasons set forth below, the instant case shall be dismissed for failure to state a claim upon which relief could be granted.

### Factual Allegations

While the plaintiff was on supervised release from a previous conviction for residential burglary, he committed multiple violations of the terms of supervised release. On April 10, 2008, Walker waived his right to notice or waiting period prior to a preliminary revocation hearing – and to the preliminary revocation hearing itself. Walker alleges that James Turner filed false charges of telephone harassment against him in an attempt to ensure that Walker's probation was revoked – and that others worked together to escape liability in a law suit Walker filed against them.

**Failure to Exhaust**

The court must ensure that the plaintiff has exhausted his administrative remedies with the Mississippi Department of Corrections before examining the merits of the plaintiff's claims. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). In this case the plaintiff acknowledges that he has not completed the three-step administrative remedy program, arguing that completing the process would be futile – and because he wished to conclude the suit before defendant James Turner files criminal charges against the him. These are not valid reasons to forego the grievance process. As such, this case is hereby **DISMISSED** for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 1st day of December, 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE